## ST. LOUIS & S. F. R. CO. v. RAMSEY.

No. 2524. Opinion Filed May 20, 1913.

(132 Pac. 478.)

1. TRIAL—Verdict—Number of Jurors Assenting. In a cause of action for negligence occurring prior to statehood, but where suit is brought since statehood, it is not error to instruct the jury that three-fourths of their number concurring may sign and return a verdict.

2. DAMAGES—Measure—Growing Crops. The rule as to measure of damages to growing crops stated in C., R. I. & P. Ry. Co. v. Johnson, 25 Okla. 760, 107 Pac. 662, 27 L. R. A. (N. S.) 879, followed.

3. WATERS AND WATER COURSES—Obstruction of Surface Water—Liability of Railroad. If a railroad company so constructs its roadbed and ditches as to divert surface water from its usual and ordinary course and by its embankment, ditches, or artificial channels causes such water to be conveyed to a particular place, and thereby to overflow the land of another proprietor which, before the construction of such road, ditches, or channels, did not overflow, the company will be liable to such proprietor for the injury. Following St. Louis & S F. R. Co. v. Dale, 36 Okla. 114, 128 Pac. 137.

4. DAMAGES—Judgment—Limitation of Actions—Measure of Damages—Permanent Cause of Injury. For negligent injuries to realty which result from a cause susceptible of remedy or abatement, the owner is entitled to recover therefor only such damages as had accrued on account of the impaired or lost use of his property up to the time of the commencement of his action.

For injuries resulting from permanent cause, the owner may recover in a single action his entire damages, to wit, that amount which represents the permanent depreciation of the realty in value in consequence of the injury.

(a) When a cause of an injury is abatable, either by an expenditure of labor or money, it will not be held permanent.

(b) When not permanent, the statute of limitation does not begin to run until the injury is suffered.

(Syllabus by Brewer, C.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by John Ramsey against the St. Louis & San Francisco Railroad Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *Fred E. Suits,* for plaintiff in error.

*Henry S. Johnston,* for defendant in error.

Opinion by BREWER, C. This suit was brought to recover damages to certain crops grown during the years of 1907-08 and grew out of the alleged negligence of the railroad company in diverting waters onto plaintiff's land. Four propositions are urged in appellant's brief for a reversal: (1) Insufficiency of the evidence. (2) Errors of law as to measures of damages. (3) Instructing the jury that nine of their members might return a verdict. (4) The statute of limitations.

This case is a companion case to that of *St. Louis & S. F. R. Co. v. Dale,* 36 Okla. 114, 128 Pac. 137. The negligent construction complained of is the same in both cases. The farms adjoin. Recovery is had for the same floods in the same years, and, as regards the sufficiency of the evidence and the kind of evidence offered to show the damages, the two cases are in all substantial respects the same. So on the two first propositions urged the decision in the Dale case is controlling, and the reasoning thereof will not be repeated further than to quote the first syllabus written by Sharp, C., which is:

"If a railroad company so constructs its roadbed and ditches as to divert surface water from its usual and ordinary course,

and by its embankment, ditches, or artificial channels causes such water to be conveyed to a particular place, and thereby to overflow the land of another proprietor which, before the construction of such road, ditches, or channels, did not overflow, the company will be liable to such proprietor for the injury."

The third proposition arose over the instruction of the court to the jury that nine of their members concurring might sign and return a verdict. A portion of the damages recovered in this case occurred before statehood, a portion since; but the suit was not instituted until after the erection of the state of Oklahoma. Therefore this point falls fairly within the rule announced in *Independent Cotton Oil Co. v. Beacham,* 31 Okla. 385, 120 Pac. 969, and later cases, and must be decided against the appellant.

The fourth contention, briefly stated, is that inasmuch as the railroad was constructed more than two years prior to the bringing of the suit, and as the railroad and its embankment and ditches were permanent structures, therefore whatever damage was done was of a permanent nature and occurred at the completion of the road, and that a right of action was therefore barred within two years from the negligent completion of the works.

Under the facts of this case, this position is unsound. The facts bring it fairly within the rule announced by this court in the case of *City of Ardmore v. Orr,* 35 Okla. 305, 129 Pac. 867. The syllabus in that case is all that needs to be repeated. The case itself goes into the subject and its different phases with much care, and the rule announced is stated thus:

"For negligent injuries to realty which result from a cause susceptible of remedy or abatement, the owner is entitled to recover therefor only such damages as had accrued on account of the impaired or lost use of his property up to the time of the commencement of his action. For injuries resulting from permanent cause, the owner may recover in a single action his entire damages, to wit, that amount which represents the permanent depreciation of the realty in value in consequence of the injury. When a cause of an injury is abatable, either by an expenditure of labor or money, it will not be held permanent."

It follows that, when not permanent, the statute of limitation does not begin to run until the injury is suffered.

No other point raised needs discussion, and the cause should be affirmed.

By the Court: It is so ordered.