## ATCHISON, T. & S. F. RY. CO. v. ELDRIDGE.

No. 2323.  Opinion Filed February 28, 1914.

(139 Pac. 254.)

1. **WATERS AND WATER COURSES—Railroads—Damages from Overflow—Instructions.** Where the basis of a cause of action against a railway company is for damages resulting from an overflow caused by the defective construction of embankments, in that no adequate openings were left for the escape of water through its natural channels, a judgment will not be reversed because of a specific instruction as to the defective construction of a bridge over the water course along the line of railroad, although no specific complaint was made of the construction of the bridge in the pleadings, where such instruction has reference to no other defect, except to the inadequacy of the open way through such embankment for the flow of water.

2. **APPEAL AND ERROR—Verdict—Evidence.** Where the law applicable to the facts material to the issues joined by the pleadings in an action is fairly and fully submitted to the jury by the court, a verdict of a jury based upon conflicting testimony will not be disturbed if it is reasonably supported by the testimony in the case.

3. **EMINENT DOMAIN — Recovery of Damages — Conclusiveness.** The fact that a railroad company acquired a right of way by act of Congress prior to statehood, under the terms of which the land covered by such right of way was appraised and the damages arising from the ordinary inconveniences resulting from a railroad running across one's land were assessed, does not grant to such railroad company an absolute immunity forever against damages resulting to abutting land-owners from a negligent construction of railroad embankments across waterways.

4. **LIMITATION OF ACTIONS—Damages from Overflow—Railroad Embankment.** An action against a railroad company for damages resulting from an overflow caused by the defective construction of the railroad embankments is not barred by limitation because such embankments have been constructed more than two years prior to the injury, but the time in which such action may be brought dates from the time the injuries are received and damages sustained.

(Syllabus by Harrison, ·C.)

*Error from District Court, Noble County;*
*W. M. Bowles, Judge.*

Action by J. W. Eldridge against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Cottingham & Bledsoe, John Devereux,* and *George M. Green,* for plaintiff in error.

*Henry S. Johnston,* for defendant in error.

Opinion by HARRISON, C. This was an action by J. W. Eldridge against the A., T. & S. F. Ry. Co. for damages alleged to have been sustained by reason of an overflow caused by the negligent construction of defendant's railway in throwing up its embankments in such manner as to cause the water from a certain stream or creek and its tributaries to dam up and flow back over and upon defendant's corn crop, to his damage in the sum of $1,969; the specific negligence alleged and relied upon being that the railroad company in constructing its road through Red Rock creek valley crossed said creek and some of its tributaries, traversing a considerable section of country drained by same, and that its embankments, through such section of country and across such tributaries and creeks, were so constructed as not to allow the water of such creeks or the rainfall upon the country drained by such creeks and tributaries, after it had found its way into such creeks, to escape through its natural channels, but caused it to back up and overflow plaintiff's land as aforesaid. The cause was tried at the April term of the district court of Noble county, 1910, resulting in a verdict and judgment against the railroad company for $952 and costs of action. From such judgment the railway company appeals upon sixteen assignments of error.

These assignments are grouped and presented by plaintiff in error under three heads: First, errors in the instructions to the jury; second, the verdict is contrary to law and the evidence in the case; third, that the court erred in not giving an instructed verdict in favor of the railway company, and in not holding that the action was barred by the statute of limitations.

Under the first group of errors assigned, the alleged errors in the court's instructions were urged, but from an examination

of the issues made by the pleadings and the testimony admitted in support of such issues, we find no error in this regard. The instructions, upon the whole, seem altogether fair to plaintiff in error, and to have fully and fairly covered the law applicable to the facts involved. The specific objections urged, however, are that the court instructed the jury in reference to a certain bridge across one of the streams alleged to have been affected by the railway's embankments, and that such instruction was erroneous because at variance with the issues made by the pleadings; and, further, that the court erred in instructing the jury as to surface water, because the issue as to whether such bridge was defectively constructed or not, and the issue as to whether or not the flow of surface water was obstructed by the railway's embankments, were not raised by the pleadings—citing a list of authorities against instructions on issues not made by the pleadings. We find no objection to the principles of law enunciated by the authorities cited, but from a study of the primary issues involved and the testimony in support thereof, and the instructions of the court in reference thereto, it is apparent that the authorities cited have no application to the case at bar. It is true that the plaintiff's petition made no specific reference to the construction of the bridge in question, or to any bridge, but it did specifically complain that the railway company so constructed its embankments through the creek valley and across the creek's tributaries in question as to obstruct the flow of water through its natural channels by not leaving sufficient openings to allow the waters of such streams to escape. The basis of plaintiff's cause of action was that the railway had so constructed its embankments as to obstruct the flow of water from the district drained by the creeks in question by not leaving sufficient openings in the embankments for the water to escape through its natural channels. This was denied by the railway company, and the issues thus formed as to whether the water was obstructed as alleged. It mattered not, therefore, whether such obstruction be caused by an inadequate openway through a bridge, culvert, conduit, or what not, and the court's instructions in reference to the bridge had no other meaning in reference thereto, except

as to whether it was so constructed as to obstruct the flow. of channel water, and we are unable to see wherein the court's instructions, either in reference to the bridge or the surface water, could have materially prejudiced the legal rights of the defendant company. The instruction complained of was more in defendant's favor than a strict adherence to the doctrine on surface water announced in C., R. I. & P. Ry. Co. v. Groves, 20 Okla. 101, 93 Pac. 755, 22 L. R. A. (N. S.) 802, would permit. At any rate, we can see no error to plaintiff's prejudice in this instruction. The contention that it was error because given on an issue not made by the pleadings is without merit.

Under the second group it is contended that the verdict is contrary to law and not supported by sufficient evidence. As to the first proposition presented in this group, we think the law applicable to the facts in the case was given to the jury with substantial correctness and fairness to defendant, and that the ver-.dict was clearly in accord with the court's instructions. As to the second proposition, we think the verdict was fairly supported by the evidence, and find no reversible error in this regard.

Under the third group is presented the fourteenth and sixteenth assignments of error, which complain of the court's refusal to give a peremptory instruction in favor of defendant, and of its refusal to hold that plaintiff's cause of action was barred by the statute of limitations.

The contention that the court erred in refusing a peremptory instruction in favor of the defendant is based upon the assumption that the railway company acquired its right of way by act of Congress prior to statehood, and that by such act all damages done to the land over which such railway was built were appraised and settled, and that the railway company's rights in the premises, that is, its rights to maintain and operate its line of railway, were fixed by act of Congress before the adoption of our Constitution, and that such rights were not changed by the adoption of the Constitution, but remained as they were before statehood—citing a number of our own court decisions in support of such contention. The doctrine that existing rights

were not changed by the adoption of our Constitution is well settled, not only by the decisions of our court, but by the plain provisions of the Constitution itself, but the contention that the mere fact that a right of way was granted to the railway company by the act of Congress prior to statehood, and that the damages done to the land over which it was constructed were appraised and settled under the provisions of such act of Congress, gave the railway company forever thereafter absolute immunity against future negligent acts, is utterly untenable. It would be just as reasonable to argue that such act of Congress in appraising the damages done to the land over which it was constructed gave the railway company absolute immunity forever against negligently setting fire to the grass, meadows, or growing crops of abutting landowners, and against willfully and wantonly running over and killing their stock, as to argue that the appraisement of the value of the land required for a right of way and the assessment of damages for the ordinary inconvenience resulting from having a railway running across one's land, gave the company a fixed right of immunity forever against damages resulting from its negligent construction.

The contention that the action was barred by the statute of limitations is based upon the assumption that the embankments in question were constructed more than two years before the action was brought. This question was before this court in *St. L. & S. F. R. Co. v. Ramsey,* 37 Okla. 448, 132 Pac. 478, wherein the court said:

"The fourth contention, briefly stated, is that, inasmuch as the railroad was constructed more than two years prior to the bringing of this suit, and as the railroad and its embankment and ditches were permanent structures, therefore whatever damage was done was of a permanent nature, and occurred at the completion of the road, and that a right of action was therefore barred within two years from the negligent completion of the works. Under the facts of this case, this position is unsound. The facts bring it fairly within the rule announced by this court in the case of *City of Ardmore v. Orr* (decided January 21, 1913) [35 Okla. 305] 129 Pac. 867: The syllabus in that case is all that needs to be repeated. The case itself goes into the subject and its different phases with much care, and the rule

announced is stated thus: 'For negligent injuries to realty which result from a cause susceptible of remedy or abatement, the owner is entitled to recover therefor only such damages as had accrued on account of the impaired or lost use of his property up to the time of the commencement of his action. For injuries resulting from permanent cause, the owner may recover in a single action his entire damages, to wit, that amount which represents the permanent depreciation of the realty in value in consequence of the injury. When a cause of an injury is abatable, either by an expenditure of labor or money, it will not be held permanent.' It follows that, when not permanent, the statute of limitation does not begin to run until the injury is suffered."

Aside from what is said in the foregoing opinion, it strikes us as unreasonable to argue that a cause of action is barred by limitation before it arises. The facts in the case at bar do not disclose that plaintiff ever sustained any damage prior to the overflow complained of, and if the embankment in question, be it ever so negligently constructed, had been maintained for a century, the plaintiff would have had no cause of action for damages sustained until they were sustained; hence his right of action necessarily dated from the date of his injuries.

From a study of the record no reversible error appears. The judgment of the trial court should be affirmed.

By the Court: It is so ordered.