## RICHARDS v. FLIGHT.

No. 12114—Opinion Filed Jan. 15, 1924.

1. **Limitation of Actions—Continuing Damages to Land.**

An action against a person for injuries to real property, by reason of waste oil being permitted to escape into a stream running through the plaintiff's land, is not barred by the statute of limitations because oil has escaped into such stream for more than two years prior to the filing of the action, but the time within which such action may be brought dates from the time the injuries are received and the damage sustained.

2. **Appeal and Error—Harmless Error.**

The court in every stage of the action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action by Hattie P. Flight against A. M. Richards. Judgment for plaintiff. Defendant appeals. Affirmed.

McCullum & McCullum, for plaintiff in error.

L. V. Orton, for defendant in error.

Opinion by RUTH, C. This was an action filed in the district court of Pawnee county, by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, and for convenience the parties hereto will be designated as they appeared in the trial court.

Plaintiff in her petition alleges defendant drilled certain wells and procured oil therefrom, and negligently permitted refuse oil and other deleterious matters to flow into a stream running thought the plaintiff's land, whereby her land was damaged and the water of the stream became unfit for the use to which it had been put by plaintiff, and had caused the water of a certain flowing spring on plaintiff's land to become unfit for drinking purposes, and about three acres of her land had been rendered unfit for any purpose by reason of the pollution of the stream by the defendant. The defendant filed his answer, consisting of a general denial, and after the evidence was submitted by plaintiff, defendant asked leave of the court to amend his answer, and upon leave being granted, the defendant pleaded the statute of limitations.

Defendant introduced no evidence, but was content to rest his case upon the plaintiff's evidence.

The court instructed the jury, and certain instructions were objected to and exceptions reserved by the defendant, and will be considered hereafter.

The jury found for the plaintiff, and judgment was rendered thereon, and this cause is regularly brought here for review.

Defendant sets forth 15 assignments of error, but as each goes to the measure of damages or the statute of limitations, the defendant in his brief says: "We shall confine ourselves to two principal propositions: First, measure of damages; and second, statute of limitations," and this court will consider them inversely.

Defendant contends that as his wells were drilled in 1913, and as he has constantly, since that time, permitted refuse oil and other deleterious matter to flow into the stream and pollute the waters thereof, the injury to the land was of a permanent nature and reverted back to 1913, the time the wells were drilled, and the refuse oil first entered the stream, and insists that, as this action was filed in 1919, more than two years after such drilling, the statute of limitations has run against plaintiff's claim. With this we cannot agree, as the drilling of an oil well and the slight flow of refuse oil might or might not have occasioned permanent injury, and the uncontroverted evidence is, that, while some refuse oil flowed down the stream, it was not until within two years prior to filing this action that the land became so saturated or impregnated with refuse oil as to render it unfit for any purpose. Evidence was introduced showing this land had been used for raising all kinds of "garden truck" until within 18 months or less than two years prior to filing the action, but after complete saturation, it became absolutely worthless; that the witness planted "around the edges" of the oil covered area, but derived no results therefrom, and until such time as damages were sustained, no cause of action accrued to the plaintiff.

The drilling of a well is not a nuisance per se, and though oil is pumped therefrom, we assume it is possible to so operate the wells as not to cause injury to another's property, and when the well is so operated as to result in the injury, then and not until then, does the cause of action accrue.

In Atchison, T. & S. F. Ry. Co. v. Aldridge, 41 Okla. 463, 139 Pac. 254, this court held:

"An action against a railroad company for damages from an overflow caused by the defective construction of railroad embankments is not barred by limitation because such embankments have been constructed more than two years prior to the injury, but the time in which such action may be brought dates from the time the injuries are received and the damage sustained."

In the body of the opinion, Mr Justice Harrison uses the following very pertinent language:

"The facts in the case at bar do not disclose that plaintiff ever sustained any damages prior to the overflow complained of, and if the embankment in question, be it ever so negligently constructed, had been maintained for a century, the plaintiff would have had no cause of action for damages sustained until they were sustained; hence his right of action necessarily dated from the date of his injuries."

Plaintiff's witnesses testified that no damage was sustained by reason of the operation of defendant's wells until within a period of two years prior to filing the action, and no controverting testimony was offered by the defendant.

"Where one person may rightfully sue another, a cause of action has accrued, and the statute of limitations begins to run." United States Fidelity & Guaranty Co. v. Fidelity Trust Co., 49 Okla. 398, 153 Pac. 195.

Section 185, Comp. Stat. 1921 (subsection 3), provides that actions for trespass upon real property may be brought within two years after the cause of action has accrued, and not afterwards. Under the evidence, there was no error committed by the court in refusing to instruct the jury that plaintiff's action had been barred by the statute.

It is contended that error was committed by the court in giving certain instructions covering the measure of damages to be recovered, and as the plaintiff elected to consider the damages as permanent, no instruction should have been given covering temporary damages. An examination of the record fails to disclose any election on the part of the plaintiff. She was not required to elect, nor did she, by her own act, elect. No evidence was introduced by the defendant, and the evidence of the plaintiff was to the effect that by the impregnation of the soil by the refuse oil less than two years prior to the filing of the action, she had suffered injuries to the extent of $1,000. As no evidence was introduced by defendant to show that by the abatement of the nuisance complained of the land could be restored to its original condition and value, the jury, under proper instructions, might have found the injury to the property was permanent, and assess damages in any sum not to exceed $1,000, which it accordingly did.

In separate paragraphs plaintiff alleged that three acres of land of the value of $300

was totally destroyed for any purpose by the constant flow of refuse oil; that the creek was rendered useless for stock watering purposes, to her injury and damages in the sum of $1,000. That an ever flowing spring on the land was overflowed by the refuse oil and rendered useless, and that she had to sink a well on the premises at a cost to her of $150, and this well proved inadequate to compensate for the loss of the creek or spring water. We find no objection to the position assumed that these conditions set forth in the later paragraphs could have been remedied by the expenditure of labor and money, and this court has held:

"Where a cause of injury is abatable either by expenditure of labor or money, the same is not permanent, and the owner is entitled to recover therefor only such damage as has accrued on account of the impaired lost use of his property up to the time of the commencement of the action." Ponca Ref. Co. v. Smith, 73 Oklahoma, 174 Pac. 268; St. Louis & S. F. Ry. Co. v. Ramsey, 37 Okla. 448, 132 Pac. 478; City of Ardmore v Orr, 35 Okla. 305, 129 Pac. 867.

In St. Louis & S. F. Ry. Co. v Ramsey (supra) this court held:

"For injuries resulting from permanent cause, the owner may recover in a single action his entire damages, to wit, that amount which represents the permanent depreciation of the realty in value in consequence of the injury."

"The jury are the sole judges of the facts and the inferences to be drawn therefrom." Midland Valley R. Co. v. Rippe, 61 Okla. 314, 161 Pac. 233; Strickler v. Gitchel, 14 Okla. 523, 78 Pac. 94.

And under the evidence the jury might, under proper instructions, have found the injury to be permanent or temporary.

Defendant further assigns as error the giving of instruction No. 8, wherein the court instructs the jury that when the cause of the injury is abatable either by the expenditure of labor or money, or both, such injury, as a matter of law, is not a permanent injury, and for negligent injuries to realty which result from a cause capable of remedy and abatement the owner is entitled to recover therefor such damage as accrued from and on account of the impaired or lost use of the property up to the time of the commencement of the action. In the second paragraph thereof, the court instructs the jury that for negligent injuries to realty which result from permanent causes, the owner may recover in a single action his entire damage, to wit, that amount which represents the permanent depreciation of the

realty in value in consequence of the injury, and, further, that if they believe the defendant permitted salt water and oil to run into the creek or stream and across the plaintiff's property and the property was injured, they might find for the plaintiff in a sum not to exceed $1,000, and in the seventh paragraph of instruction No. 8, instructs the jury that if they find that three acres were permanently destroyed, they may find for the plaintiff in a sum not to exceed $300.

This instruction properly states the law under the cases heretofore cited in this opinion, and the jury found for the plaintiff in the sum of $1,000, which included the total injury to the plaintiff's land. Under this instruction, they might have found that the land was not permanently injured, with the exception of the three acres, but the jury found a general verdict, and where the jury finds a general verdict, it includes all items that could or might have been found under the issues tendered and the evidence introduced, and their verdict will not be disturbed on appeal.

Where upon an examination of the record, the court finds sufficient evidence reasonably tending to support the verdict of the jury, and the defendants have offered no evidence and there is no conflict therein as to any material fact, and the instruction given states the law correctly, the Supreme Court will apply the presumption which the law raises in favor of the regularity of the proceedings below and the correctness of the verdict and judgment. Lusk v. Phelps, 71 Oklahoma, 175 Pac. 756.

"A general verdict presumptively includes a finding of all the facts necessary to establish the prevailing party's claim." Johnson v. Jones et al., 39 Okla. 323, 135 Pac. 12.

Under the instruction complained of, the jury were authorized to find the total injury sustained was $1,000, or $300, for the three acres, but nowhere in the instruction does the court advise the jury that it may find for the plaintiff in the sum of $1,000, and in addition thereto the sum of $300 for the three acres, and by such instruction no substantial right of the defendant was affected.

Section 319, Comp. Stat. 1921, provides:

"Immaterial errors to be disregarded. The court in every stage of the action must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party and no judgment shall be reversed or affected by reason of such error or defect."

The defendant, having elected not to introduce any evidence as to the temporary

or permanent character of the injury alleged to have been sustained by the plaintiff, and this court finding no prejudicial error in the instructions complained of, and the jury being the sole judges of the facts, the judgment will not be disturbed on appeal, and for the reasons above stated, the judgment of the court below should be affirmed.

By the Court: It is so ordered.