ARGO OIL CO. v. SNOUFFER.

No. 25093. Nov. 26, 1935.

Rehearing Denied Dec. 24, 1935.

Jas. R. Jones and Ridings & Drennan, for plaintiff in error.

J. E. Curran and G. W. Ball, for defendant in error.

PER CURIAM. The plaintiff in error will be referred to herein as the defendant; and the defendant in error as plaintiff, as they appeared in the trial court.

The plaintiff filed his petition in the district court of Grant county seeking permanent damages against the defendant for pollution of a stream of water flowing through his premises and for permanent damages to his land adjacent thereto, seeking the recovery of such permanent damages in the sum of $16,000 in his first cause of action. In his second cause of action, the plaintiff sought recovery of exemplary or punitive damages. In the trial of the case the court took from the jury the question of exemplary or punitive damages, and no appeal being prosecuted from this action of the court the second cause of action will be given no further consideration in this opinion.

The land of the plaintiff is described as the northwest quarter (N. W. ¼) and the southwest quarter (S. W. ¼) of section twenty-six (26), township twenty-seven (27) north, range three (3) west, located in Grant county, state of Oklahoma.

In due course the defendant filed answer which was replied to by the plaintiff. Thereafter the plaintiff filed an amended petition. The cause was tried upon plaintiff's amended petition, the defendant's answer, and plaintiff's reply.

The cause was called for trial on the 17th day of April, 1933, and the trial was completed on the 21st day of April, 1933, resulting in a verdict of the jury in favor of plaintiff, Archibald T. Snouffer, and against the defendant, Argo Oil Company, a corporation, in the sum of $5,000. The trial court adopted the verdict of the jury and rendered judgment thereon accordingly in favor of plaintiff and against the defend-

ant for the sum of $5,000 and costs of the action taxed at $245.80. From this judgment and the order of the trial court overruling motion for a new trial, the defendant prosecutes appeal.

The defendant in the motion for a new trial and petition in error makes many assignments of error. For a proper disposition of this appeal, it will be necessary to examine the following propositions:

(1) The court erred in submitting to the jury the question of permanent damages to the plaintiff's property.

(2) That the amount of damages fixed by the jury was excessive.

(3) That the jury were permitted to take into consideration the matter of damages that might have accrued after the case was filed.

(4) That the trial court erred in refusing to give to the jury certain special instructions requested by the defendant.

We will discuss these propositions in the order stated:

Under the first proposition stated the defendant complains that the court erred in submitting the question of permanant damages to the jury. Plaintiff's suit was brought for permanent damages; and permanent damages are prayed. The allegations of the petition stated a condition which amounted to alleging permanent damages as opposed to temporary damages. The evidence in the case on the part of the plaintiff tends to show that the stream and the lands adjacent thereto had been and were being polluted by salt water, base sediment, and deleterious substances, which had and were escaping from the oil wells being operated by the defendant; and at the time of the trial the wells were in operation and there was a continuation of the pollution.

In Roxana Petroleum Corporation v. Dormire et al., 161 Okla. 262, 18 P. (2d) 544. this court held:

"In a case involving damages and injuries to a stream of water and the lands adjoining said stream, where it is shown that both the stream and the adjoining lands have been polluted by salt water, base sediment, and crude oil, which escaped from an oil field in operation, it being further shown that said oil field has not suspended operation. the question of the permanency of damage. both to the lands and to the stream, is a question of fact to be submitted to the jury under proper instructions."

In Union Oil & Mining Co. v. Bowman.

144 Okla. 54, 289 P. 296, this court, in effect, held that "permanent" did not mean "perpetual," "unending" or "unchangeable." We have carefully examined the evidence offered upon the part of the plaintiff to establish permanency of the damage, and find from such examination that the evidence amply supports the conclusion that the plaintiff's farm was "permanently" damaged as determined by the rules of this court. There was no claim made in the petition for relief because of temporary damages, and the court specifically instructed the jury that temporary damages should not be considered in the determination to be made by the jury. This land of the plaintiff was under a long term agricultural lease; and it seems that the tenant had at one time made a claim for temporary damages and a settlement was reached as between the tenant and the defendant company; hence, the question of temporary damages was not before the jury; and there being ample evidence in the record to warrant the finding of the jury that the plaintiff had suffered permanent damages, there was no error of the court in submitting that question to the jury.

The second proposition is that the damages were excessive. The rule is well established that the difference between the actual value of land before the pollution and the actual value of the land after the pollution fixes the true measure of the damages. The evidence on the part of the plaintiff tended to show that plaintiff's farm was worth from $20,000 to $25,000 before the pollution had occurred, and that immediately after the pollution his farm was worth $15,000 to $16,000. One witness for the plaintiff testified that the reasonable market value of the plaintiff's land before the pollution was $24 000 and after the pollution it was worth $14,500. The defendant offered a witness on this proposition, who testified that before the pollution the land was worth $18.000 and after the pollution it was worth $14,000. The evidence therefore tended to show that the plaintiff had sustained damages ranging anywhere from $4,000 to $9,500. It seems that during the deliberation of the jury, the jury requested permission to go and look at the land and went and made inspection of the plaintiff's premises for the purpose of determining the amount of permanent damages sustained by plaintiff.

The defendant propounded interrogatories to the jury, the first being:

"Question: Has the plaintiff in this case suffered any permanent damages?"

To this interrogatory the jury answered: "Yes."

Then another interrogatory was propounded, as follows:

"Question: If you answer interrogatory No. 1 (the interrogatory above quoted) in the affirmative, you may state the amount of such permanent damages."

The answer of the jury to this interrogatory was in figures, "$5,000."

The conclusion of the jury being supported by competent evidence and having had before it proper instructions by the court, we conclude that the verdict and judgment were not excessive.

It is complained that the jury were permitted to take into consideration the amount of damages that might have accrued after the case was filed. It seems under well established rules the plaintiff could only recover in one action for permanent damages which must necessarily include all past injuries; and also the present damages and any future damages that might arise from the pollution.

It was held in Comar Oil Co. v. Hackney, 119 Okla. 285, 250 P. 93, as follows:

"It inheres in a judgment for permanent injury to real estate that future damages to the proven usable value of the land are covered, since the injuries past, present, and future are to be recovered in one action."

This rule is supported by St. L. & S. F. Ry. Co. v. Ramsey, 37 Okla. 448, 132 P. 478, and McHenry v. City of Parkersburg (W. Va.) 66 S. E. 750.

In the last case cited the court said:

"Permanent damages are those for which but one recovery may be had; compensation for all the injury the property has sustained in the past and will sustain in the future being included."

In the fourth and last proposition under consideration, the defendant complains that the court erred in refusing to give certain requested instructions. We have carefully examined the instructions given by the court and conclude that the learned trial judge submitted to the jury full instructions covering every phase of the case, which was proper consideration for the jury based upon the issue presented by the pleadings and the evidence submitted to the jury. We find no error in the instructions, and conclude that there was no error in refusing the requested instructions.

We have given careful consideration to every phase of this case and every complaint made by the defendant. and it is the conclusion of the court that no error was made in the trial justifying reversal of the judgment.

The judgment is affirmed.

In the plaintiff's brief it is requested that in case of an affirmance of the judgment, judgment be rendered by this court against the defendant's supersedeas bond. It appears from the record that the defendant gave a supersedeas bond to supersede the judgment with the Hartford Accident & Indemnity Company, of Hartford, Conn., as surety. The plaintiff upon his request is now entitled to a judgment against the surety upon the supersedeas bond.

It is, therefore, considered, ordered, and adjudged by the court that the plaintiff do and have recovery of and from the surety, Hartford Accident & Indemnity Company, of Hartford, Conn., in the sum of $5,000, the amount of the judgment, together with interest at the rate of 6 per cent. (6%) per annum from and after the 21st day of April, 1933, and for the further sum of $245.80 accrued costs and all the unpaid costs of the appeal.

The Supreme Court acknowledges the aid of Attorneys W. N. Barry, James M. Shackleford, and James C. Wright in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. Barry and approved by Mr. Shackleford and Mr. Wright, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, WELCH, and CORN, JJ., concur.