## INDIAN TERRITORY ILLUMINATING OIL CO. et al. v. KLAFFKE et al.

No. 26231.   Oct. 20, 1936.

Miley, Hoffman, Williams, France & Johnson and M. W. Eddleman, for plaintiffs in error.

Twyford & Smith and William J. Crowe, for defendants in error.

PER CURIAM. This is an action instituted in the district court of Oklahoma county, on November 26, 1932, by defendants in error, plaintiffs below, against the plaintiffs in error, defendants below. For convenience, the parties will be referred to as they appeared in the trial court.

Plaintiffs allege in their amended petition that defendants are corporations engaged in the drilling and producing of oil in the Oklahoma City field, and that each of them is and has been since the month of April, 1930, engaged in drilling oil wells and producing oil southwest of and near the 160 acres of land owned by plaintiffs; that since the month of April, 1930, the defendants have permitted oil, gas, salt water, and other deleterious substances to escape from their oil and gas properties into what is known as Crutcho creek, which runs

through plaintiffs' land; that by reason thereof said defendants polluted said stream so that the same constitutes and is a nuisance especially injurious to plaintiffs' land and constitutes a permanent pollution and injury. Plaintiffs allege that said stream or creek had been for many years prior to said pollution a pure running stream of water; that said oil and salt water have flowed over many acres of said land on each side of said creek, injuring and damaging said land and growing crops thereon; that said oil and salt water have killed and are killing a large number of trees on said land of plaintiffs up and down said creek. Plaintiffs allege that particularly due to the high waters in the month of June, 1932, the oil and salt water flowing over and across 20 or 30 acres of said land adjacent to said stream have damaged the trees, crops, and grasses thereon, and that by reason of the permanent injuries to said stream and pollution thereof, and the injuries to trees and grass adjacent to said stream, said plaintiffs have been damaged in the sum of $2,800, and further damaged in the sum of $200 to growing crops, and apportion the damage thus sustained to the kind and quantity of crops.

To this amended petition defendants filed a motion to make more definite and certain and a demurrer, both of which were overruled by the court, and for answer filed a general denial and pleaded the statute of limitations. The jury returned a verdict in favor of plaintiffs in the sum of $2,000, and judgment was rendered thereon. Motion for new trial was filed and overruled, and this cause is brought here regularly for review. Numerous assignments of error are made by the defendants, but each relates more or less to the two important questions to be determined, namely, the statute of limitations and the measure of damages.

1. The defendants contend, and the evidence supports that contention, that some of the oil and gas wells were drilled in 1929. It is their contention that the damage, if any, which the plaintiffs sustained by reason of said defendants permitting refuse oil and other deleterious matters to flow into the stream and overflow the land adjacent thereto occurred soon after the wells were drilled and more than two years prior to the filing of this petition on November 26, 1932. Defendants content themselves, however, in their endeavor to establish this defense with cross-examination of plaintiffs' witnesses, and do not offer as a matter of defense any affirmative proof that Crutcho creek or the trees and lands adjacent thereto had suffered any damage at any time prior to or since November 26, 1930, two years prior to the date of filing this action. The testimony of many witnesses was introduced showing that some time after the flood or high waters in 1930, these lands in places became more or less saturated with oil and salt water which occasioned permanent injuries thereto; that oil and salt water and other deleterious matters settled in the grass and other vegetation, killing or damaging them; that many of the trees along the creek bottom either died or bore evidence of being diseased and in a dying condition. Evidence was introduced to show that the saturation of this land in many places on said premises became complete, and that the destruction of trees occurred after the flood of 1930 and within the period of two years prior to the filing of this action.

Some of plaintiffs' witnesses testified on cross-examination that said premises had suffered some damage in 1929, but none of them testified that the damage which destroyed the trees and other vegetation was not occasioned largely by the floods of 1930 and 1932. The testimony was sufficient in that regard to justify the jury in finding that the damage sustained by plaintiffs occurred by reason of the oil and salt water overflowing said land within a period of two years prior to the filing of this action. There was a wide variance between the testimony of plaintiffs' witnesses and defendants' witnesses as to the number of trees injured or destroyed and in respect to the other damage to the soil and vegetation. The jury considered that evidence, and in addition thereto viewed the premises, and, since the jury are the sole judges of the facts, we are not disposed to disturb their verdict. We believe that a verdict in the sum of $2,000 was fully justified by the evidence, and that the jury was justified in finding the damages sustained occurred within two years prior to the filing of this action.

In Richards v. Flight, 97 Okla. 9, 222 P. 564, this court held:

"The drilling of a well is not a nuisance per se, and though oil is pumped therefrom, we assume it is possible to so operate the wells as not to cause injury to another's property, and when the well is so operated as to result in injury, then and not until then, does the cause of action accrue."

In A., T. & S. F. Ry. Co. v. Eldridge, 41 Okla. 463. 139 P. 254, this court held:

"The facts in the case at bar do not disclose that plaintiff ever sustained any damage prior to the overflow complained of, and if the embankment in question, be it ever so negligently constructed, had been maintained for a century, the plaintiff would have had no cause of action for damages sustained until they were sustained; hence his right of action necessarily dated from the date of his injuries."

Under the evidence there was no error committed by the court in refusing to instruct the jury that plaintiffs' action had been barred by the statute of limitations. City of Tulsa v. Grier, 114 Okla. 93, 243 P. 753; Pahlka v. C., R. I. P. Ry. Co., 62 Okla. 223, 161 P. 544.

2. Defendants contend that error was committed by the court in giving certain instructions covering the measure of damages and refusing to give certain instructions offered by defendants. Testimony of witnesses was introduced showing the damage to the grass and vegetation and the damage sustained because of the injury to and destruction of trees, varying in amount but exceeding the amount recovered. Other testimony was offered showing the permanent damage to the land, ranging from $4,800 to $6,000. The testimony as to the crop damage was not very satisfactory, but in view of the fact that the total amount asked for this element of damage was only $2,000, and the verdict of the jury was $1,000 less than the amount prayed for, we assume the jury held adversely to the plaintiffs on this item of damage.

There was no evidence offered to show that the nuisance was abatable, either by the expenditure of labor or money or both, or that the land was capable of being restored to its former fertility. The court instructed the jury in substance that it was unlawful for any one operating oil and gas wells to permit oil, salt water, and other deleterious substances from said wells to escape upon the land of others and thereby damaging the same, and that the measure of damages in such cases is the difference between the fair and reasonable cash market value of the property immediately before the act complained of and the fair and reasonable cash market value of the property immediately thereafter.

In instruction No. 7 the jury were instructed that the mere fact that any one of the defendants had a producing oil or gas well upon the water shed or drainage area of Crutcho creek above the land involved prior to the injuries complained of by plaintiffs, does not alone render such defendants liable for such injuries, if any are found, but that before the plaintiffs are entitled to recover damages against any one of the defendants, they must find not only that the injuries complained of were caused by the oil, salt water or other deleterious substances, but that at least a part of the very oil and salt water and other deleterious substances causing such injuries came from the well or wells of the defendant or defendants.

In instruction No. 8 the court instructed the jury that they must not take into consideration any injury or damage caused by or resulting from flood or overflow waters alone if such water had not been polluted by oil or salt. In instruction No. 9 the jury were instructed not to take into consideration any evidence offered as to sewage pollution from residences on any lease of any of the defendants, but must entirely disregard the same. In instruction No. 10 they were instructed that if they found that the defendants did, on or about April, 1930, operate certain oil and gas wells near the land owned by plaintiffs, and that they permitted oil, salt water, and other deleterious substances to flow on said land of plaintiffs, and by virtue thereof said land, the trees, crops, and grass adjacent to said stream and the stream on plaintiffs' land were injured and damaged, then they should find for the plaintiffs on account of such act or acts for such sum as would compensate them therefor, not to exceed $2,800.

These instructions properly state the law. Richards v. Flight, supra; Oklahoma City v. Page, 153 Okla. 285, 6 P. (2d) 1033.

3. It is next contended that reversible error was committed because of improper argument to the jury by plaintiffs' attorney in his closing argument. It does not appear that the remarks of counsel complained of were incorporated into the record except by an affidavit of defendants' counsel attached to the motion for new trial. No exception was taken to said remarks in the trial of said cause. This court held in Kaufman v. Boismier, 25 Okla. 252, 105 P. 326:

"The raising the question of the misconduct of counsel on account of his argument to the jury for the first time in the motion for new trial, neither objection having been made nor exception saved at the time, is too late."

In the case of Madden v. Tilly, 175 Okla. 589, 54 P. (2d) 161, this court held:

"Prejudicial remarks of counsel in his argument to the jury are not available as

a ground of reversal unless objected and excepted to at the time such remarks were made, and the remarks, as well as the objection and exception thereto, must be shown in the record of the proceedings of the trial."

The question as to remarks being prejudicial or otherwise is not properly before this court for determination.

Finding no prejudicial error in the instructions complained of, and the jury being the sole judges of the facts, the judgment will not be disturbed on appeal, and, for the reasons herein stated, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Eldon J. Dick, Joe Gill, Jr., and W. C. Franklin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Dick, and approved by Mr. Gill and Mr. Franklin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY, BAYLESS, BUSBY, and WELCH, JJ., absent.