## INDEPENDENT SCHOOL DIST. NO. 66, ROGER MILLS CO., v. KEMP.

No. 15180—Opinion Filed Nov. 3, 1925.

Rehearing Denied Feb. 2, 1926.

**1. Pleading—Election of Defenses—Statute.**

When the answer to a petition sets forth in each of two separate paragraphs a different state of facts, each of which constitutes a defense, counterclaim or set-off, the defendant cannot be required to elect upon which one of such counts he will proceed to trial.

**2. Appeal and Error—Necessity for Objections Below.**

It is the duty of the parties in the trial court to correct confessed or apparent errors when same may be done without prejudice to their rights, and one failing and refusing so to do cannot be heard to complain of such errors on appeal.

**3. Disposition of Cause.**

The judgment based on the verdict is amply supported by the evidence and is without prejudicial error.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Roger Mills County; T. P. Clay, Judge.

Action by Carl Kemp against Independent School District No. 66, Roger Mills County. Judgment for plaintiff, and defendant appeals. Affirmed.

A. A. Brown and A. E. Darnell, for plaintiff in error.

W. H. Mouser and F. R. Blosser, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiff Kemp had judgment on verdict against defendant for $3,300 for balance due on contract for constructing a school-house. Plaintiff pleaded his contract, alleged full performance on his part, claiming said balance due thereunder. Defendant answered by general denial, alleging that defendant had not accepted the building, pleading that plaintiff had failed to finish and complete same according to the plans and specifications of the contract. Defendant also pleaded, by way of cross-petition, that in consequence of the failure of plaintiff to finish and complete the building according to the plans and specifications, defendant had been damaged in the sum of $2,690, made up of numerous items of expenditure, which defendant alleged would be necessary to be paid by defendant to make the said building conform to the plans and specifications. Defendant also, in its counterclaim, asked for $2,875 as damages against plaintiff for his failure to complete and deliver the building on the day provided in the contract. The contract provided that time was of its essence, and that plaintiff should pay $25 per day as liquidated damages for default in this behalf. After plaintiff had closed its evidence, and while the court was hearing the testimony of the first witness for defendant, plaintiff moved "to require the defendant to elect upon which ground it relies in this case, the allegations in its cross-petition, or the rejection of the building, as alleged in its answer." This motion was sustained by the court, whereupon defendant elected to dismiss its cross-petition without prejudice, and to stand upon its answer. The cause seems thereafter to have been tried on the issue whether plaintiff had completed the building in accordance with the plans and specifications. The sole error assigned and argued is, in substance, that the court erred in requiring defendant to make said election, and in refusing to allow defendant to introduce evidence under the cross-petition as a defense to the action of plaintiff.

1. It is well settled that plaintiff, seeking to recover the entire contract price for the building, was required to show substantial performance according to the plans and specifications of the contract. Snyder v. Noss, 99 Okla. 142, 226 Pac. 319. In its answer, defendant raised an issue thereon by pleading nonperformance, and that the building had not been delivered to defendant. The cross-petition alleged such nondelivery, and set out the items of expense which would be necessary to be laid out in order to make the building conform to the contract—damages on the theory that the building was accepted by defendant and would be finished by defendant. However, this part of the cross-petition supported the same proof of nonperformance as did the answer proper, because thereunder defendant could only show, as it did undertake to show under its answer, that plaintiff had not constructed the building according to the plans and specifications, and of what details such default consisted. It seems somewhat inconsistent that defendant should plead nonperformance by plaintiff, and non-

acceptance of the building by defendant, and also ask damages which would be required to place the building in condition to conform to the contract. However, the contract contained a provision for $25 liquidated damages for each day of delay beyond the time fixed by the contract, for the delivery of the building to defendant, time being of the essence of the contract. By said required election and the refusal of the court to hear proof in support of such counterclaim, defendant was prevented from proving any such liquidated damages against plaintiff. Did this constitute error? Section 273, C. O. S. 1921, as to what an answer shall contain, provides, among other things, that the defendant may set forth as many grounds of defense, counterclaim, set-off. and for relief, as he may have, whether they be such as have been heretofore denominated legal, equitable, or both. In construing said statute, this court has said in Oklahoma Hay & Grain Co. v. Randall & Co., 66 Okla. 277, 168 Pac. 1012:

"When the answer to a petition sets forth in each of two separate paragraphs a different state of facts, each of which state of facts constitutes a defense, counterclaim, or set-off, the defendant cannot be required to elect upon which one of such counts he will proceed to trial."

In Rosebaugh v. Jacobs, 83 Okla. 211, 201 Pac. 245, it is said:

"This court in a long line of decisions has held that inconsistent defenses are permissible under the practice in Oklahoma, unless prohibited by statute."

Though it was inconsistent with the nonperformance pleaded in the answer, defendant nevertheless was authorized to claim damages for delay in delivering the possession of the building. We conclude, therefore, it was error for the court to require said election. The question recurs whether, in the light of subsequent rulings of the court and the conduct of defendant, said error was prejudicial.

2. At the conclusion of all the testimony, the court offered "the defendant the privilege of amending its cross-petition, either by interlineation or otherwise, so as to plead in the alternative that in the event it should be held by the jury that the defendant had accepted the building, he recover damages as set forth in his cross-petition." Thereupon, the attorney for defendant stated: "Inasmuch as the evidence is now completed and the defendant was not permitted to offer all the testimony it had on that question, the defendant declines to amend." The record then shows: "Comes now the plaintiff and moves the court to re-open the case and permit plaintiff to withdraw his motion to require the defendant to elect." The Court: "You may withdraw your motion if they do not object, but that may not be done over the objection of the defendant." Attorney for defendant: "Defendant objects to it." The Court: "Well, the court feels that since the evidence is in and all witnesses gone, it would not be proper to let the motion prevail."

In Oklahoma Hay & Grain Co. v. Randall & Co., supra, the following from the Ohio court is quoted with approval:

"When the same transaction will give rise to one cause of action or another according to the existence or nonexistence of a fact primarily within the knowledge of the defendant, the plaintiff may set out the same in separate causes of action and recover on either. In such case, plaintiff will not be required to elect when by direct averment, or from the nature of the case, it is apparent that he cannot safely determine before the development of the trial which will prove to have been the true nature of the transaction on the defendant's part."

From the foregoing, it is clear that the offer of the learned trial court, permitting and suggesting that defendant so amend and plead in the alternative, was eminently correct. Whatever error had been committed by requiring said election would have been thus rectified. From the record as aforesaid, plaintiff's attorneys sought to withdraw their motion to require such election, thus seeking to aid the court, as was their duty, in this behalf. Said record further shows that defendant was unwilling and refused to join the court and the plaintiff in such correction. If the witnesses were gone, as suggested by the court, and defendant was not at that time prepared to adduce the evidence to support such alternative plea, defendant could have sought continuance for such purpose, and the court had been bound to grant the same. We think defendant by thus refusing to amend by alternative plea, and objecting to the withdrawal of the motion to elect, coupled with failure to request continuance waived whatever error had been committed by the court in requiring such election. It is the duty of the parties in the trial court to correct confessed or apparent errors, when same may be done without prejudice to their rights, and the one failing and refusing so to do cannot be heard to complain of such errors on appeal. Here, defendant complained at the time of the error in being so required to elect. It was sought by the court and the other party to correct this

error. Defendant refused to permit such correction. It was within the power of defendant to render this error innocuous. Certainly defendant cannot be heard to complain of error which is chargeable to defendant. It is analogous to inviting error and then making complaint thereof in the appellate court.

3. The record shows that the jury inspected the school building in controversy; that it disallowed considerable items for extras claimed by plaintiff, perhaps to compensate for defects in the building; that the keys to the building were delivered to one member of the board of defendant; that defendant stored the seats and furniture in the building and installed a complete heating system in the building. It thus appears that the jury was amply justified in finding, as it did, by its general verdict for plaintiff, that defendant had accepted the building. The verdict and judgment for plaintiff for said balance of the contract price seem amply supported by the evidence and consonant with substantial justice between the parties.

Let the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 655. (2) 4 C. J. p. 719, § 2635. (3) 4 C. J. pp. 852, §2834; 1129, §3122: 35 Cyc. p. 968 (Anno).