## TAYLOR et al. v. WHITE.

No. 16515—Opinion Filed April 27, 1926.

Rehearing Denied Nov. 16, 1926.

### Appeal and Error—Questions of Fact—Conclusiveness of Verdict.

Where there is competent evidence introduced at the trial reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or in its ruling upon law questions presented during the trial, the verdict and finding of the jury is conclusive on appeal to the Supreme Court.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by W. S. White against J. Luther Taylor and the Pittsburg Mortgage Investment Company, a corporation, to recover on a contract. Judgment for plaintiff, and defendants appeal. Affirmed.

Robinson & Oden, for plaintiffs in error.

Gilkerson & O'Neal, for defendant in error.

Opinion by FOSTER, C. The defendant in error, as plaintiff, recovered a judgment in the district court of Beckham county against the plaintiffs in error, as defendants, for the sum of $330, in an action wherein the defendant in error sought to recover the sum of $645.52 as the balance due on salary earned while in the employ of the plaintiffs in error from the first day of September, 1920, to the first day of August, 1923. Parties will hereinafter be designated as they appeared in the trial court.

The plaintiff rested his right to recover upon an oral agreement alleged to have been entered into in the month of October, 1920, whereby it was claimed plaintiff should receive $125 per month from September 1, 1920, in pursuance of which he alleged performance of certain services for the defendants in soliciting and inspecting loans and doing a general supervisory work for defendants in Beckham and Roger Mills counties, until August 1, 1923, leaving a balance due and unpaid on his salary in the sum of $645.52, including interest.

Defendants admitted that plaintiff was employed by them, but denied any agreement to pay a salary of $125 per month, as alleged in the petition, and specifically alleged that all sums due plaintiff for services had been fully paid.

The cause was tried to the court and a jury, and judgment rendered for $330, with interest at the rate of 6 per cent. from August 1, 1923. From this judgment, and from an order overruling their motion for a new trial, the defendants appeal.

It is contended that the judgment of the trial court is not sustained by sufficient evidence and is contrary to law, and that the trial court should have sustained defendants' demurrer to plaintiff's evidence at the close thereof, and directed a verdict for the defendants at the close of all the evidence.

The argument upon which these propositions are based is that there had been a repudiation of the contract of employment immediately after the contract was alleged to have been made, and since this fact was made to appear by the plaintiff's own evidence, he was not entitled to recover. We do not think there is any merit in the argument.

The defendants did not base their defense in their answer, nor in the evidence offered by them at the trial, upon a repudiation and discharge of the contract by them, but they denied that any contract of the sort alleged by plaintiff had ever been entered into, and supported this theory at the trial by the testimony of one of the defendants.

On the other hand, the plaintiff testified that the specific agreement denied by the defendants had been entered into in the month of October, 1920. This formed an issue of fact for the jury, and the jury by its verdict adopted the theory of the plaintiff and found that the contract sued on had been entered into as testified to by the plaintiff. In these circumstances this finding is binding on this court on appeal, unless the theory of the repudiation of the contract was introduced by the evidence allowed on the part of the plaintiff. The plaintiff was not seeking to recover damages for the breach of an executory contract of employment, but, as we understand it, was seeking to recover a sum of money alleged to be a balance due under a contract which had been wholly performed by him, and covering a period of some three years.

From the plaintiff's standpoint nothing was to be gained by introducing this theory into the lawsuit. That the receipt of a

letter by plaintiff from the defendants on the same day he testified that the contract had been made, in which the defendants are said to have stated, contrary to the agreement previously made, "Don't do that until you hear from me," was not regarded by the plaintiff as a repudiation of the agreement, is made evident by the fact that the plaintiff, a few months afterwards, began to draw drafts for monthly salary, in accordance with the previous agreement, which were paid by the defendants without objection.

While the admission by plaintiff of the receipt of this letter may have been proper matter for the consideration of the jury, in determining whether the contract had been made in the first instance, as testified to by the plaintiff, it is doubtful if the defendants can be permitted to claim even this benefit, in view of their subsequent conduct in paying the drafts drawn by the plaintiff based upon his version of the contract. In other words, we think plaintiff was warranted, after waiting three or four months and then receiving payment from the defendants of an amount claimed to be due plaintiff according to his version of the contract, in concluding, not only that defendants had not repudiated the contract, but that they had fully ratified it.

It was a question for the jury to determine, in connection with the main issue in the case, whether the alleged repudiation of the contract by the defendants had not subsequently been rescinded by them by their conduct in honoring and paying plaintiff's draft for salary based on plaintiff's version of the original contract. All of these questions have been resolved by the jury against the contention of the defendants.

In any view of the case we fail to see wherein the law governing the repudiation and discharge of contracts has any application to the facts of this case. Even if the question of repudiation had properly been raised in the case, we do not think the instruction offered by the defendants, and refused by the trial court, would have been proper.

The instruction proceeds on the theory that plaintiff would not be entitled to recover at all if he had made a contract with the defendants which had subsequently been repudiated by them without his consent.

We do not think the authorities cited by the defendants are applicable to the facts in the instant case. We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See 4 C. J. pp. 851, 853, §2834; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.