## STATE BANK OF SENECA, MO., v. MILLER, Adm'r.

No. 25007.   March 26, 1935.

Leo H. Johnson and E. C. Fitzgerald, for plaintiff in error.

Nellie Nesbitt, Frank Nesbitt, and F. D. Adams, for defendant in error.

PER CURIAM. The parties will be referred to as in the trial court. Plaintiff, State Bank of Seneca, Seneca, Mo., filed claim in the county court of Ottawa county, against the estate of H. C. Miller, deceased, after expiration of the usual four months from giving of notice to creditors, but before decree of distribution, basing its case upon the provisions of section 1233, O. S. 1931, as to presentation of creditor's claim before decree of distribution by one who has no notice of giving notice to creditors by reason of being out of the state. The claim being disallowed by administrator and county court, suit was brought thereon in the district court.

The usual notice to creditors had been given and no claim filed within four months. Evidence of constructive notice to the plaintiff of the giving of notice to creditors was admitted over objection and exception. The jury rendered its verdict for the defendant. This terse statement of the facts seems to be sufficient, except as stated in the discussion of the issues hereafter.

The only question necessary of determination is: Is constructive notice, that is, notice of facts sufficient to put one on inquiry, sufficient to bind one who has no actual notice of the usual notice to creditors of the estate of a deceased? We hold that constructive notice is so sufficient. The statute, section 1233, O. S. 1931, provides that one who fails to file claim within the usual time and attempts to file prior to decree of distribution, must have had "no notice"; "notice" is defined by other statutes as both actual and constructive, "constructive notice" being defined as follows:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself." Comp. St. 1921, sec. 3540.

This court has often dealt with the subject. In Ehret v. Price, 122 Okla. 277, 254 P. 748, we said:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

We must therefore hold, under the statute itself, that the considerable evidence of

constructive notice to the plaintiff shown by the record in this case was properly admitted, and, although it was contradictory, the jury having rendered its verdict for the defendant upon such evidence, it will not be disturbed here. That the affidavit of the creditor that he had no notice is not conclusive, see Tropico Land & Improvement Co. v. Lambourn, 170 Cal. 33, 148 P. 206. If not, then the matter is open for showing of notice, actual or constructive.

Although, as above indicated, proof of constructive notice alone was sufficient basis for the verdict of the jury, we find that there is some evidence of actual notice, for witness Geck testifies that he told J. H. Tobien, president of plaintiff bank, that notice to creditors had been given. This was during the four months' period. Though denied, this evidence was obviously proper basis for the verdict. Taylor v. White, 120 Okla. 68, 250 P. 512.

Plaintiff in error assigns error by reason of certain numbered instructions, but since they are not set out in the brief in whole or in part, and are in fact not discussed at all, they will not be discussed or considered here.

"Where plaintiff in error complains of the giving of several instructions designated simply by number, but no effort is made to comply with Rule 26 (No. 10 of Revised Rules) of this court by setting out said instructions either in whole or in part in his brief, nothing is presented for review." First Nat. Bank v. Savere, 132 Okla. 191, 270 P. 33.

We find no error in the record, and the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. L. Disney, Harris L. Danner, and M. K. Cruce in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Disney, and approved by Mr. Danner and Mr. Cruce, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.