## MADDEN v. TILLY et al.

No. 25740. Jan. 28, 1936.

John W. Porter and Don Cameron, for plaintiff in error.

Bower Broaddus and Julian B. Fite, for defendants in error.

PER CURIAM. This action was commenced on September 9, 1932, in the district court of Muskogee county, by the plaintiff in error, to recover from the defendants in error, J. Oliver Tilly and Nelson Furniture Company, a copartnership composed of Hardin C. Nelson, T. Lee Nelson, and Gilbert C. Pool, the sum of $22,850 for the death of one Leo Madden, who was the husband of the plaintiff in error. Madden was killed about midnight on August 16, 1932, in an automobile accident on West Okmulgee avenue in Muskogee, Okla., about 100 feet east of Twenty-Fourth street. He was riding as a guest in the rumble seat of an automobile owned by E. C. Winsett and driven by defendant in error Tilly. The Winsett car was traveling east on Okmulgee avenue and struck a truck owned by defendant in error Nelson Furniture Company. The truck was parked on the south side of West Okmulgee avenue about one hundred feet east of the intersection of Twenty-Fourth street, facing east, and had a rolled bundle of linoleum projecting two or three feet from the northwest corner of the body of the truck. The Winsett car swerved to the north to avoid a collision, but side-swiped the northwest corner of the truck, the end of the bundle of linoleum coming through the right door of the car and tearing out the back end of the door and the top of the car. Madden received a cut in the neck from which he died before reaching the hospital.

Plaintiff in error bases her right to recover on the conjoint and concurrent negligence of the defendants in error, alleging as negligence on the part of the defendant Tilly that he was intoxicated and drove the car in which Madden was riding at a dangerous and reckless speed of forty-five miles per hour without stopping at the stop sign at Twenty-Fourth street, in violation of the

ordinance of Muskogee and of the statutes of Oklahoma, and as negligence on the part of the Nelson Furniture Company, that it parked its truck on West Okmulgee avenue in an improper manner, and left it unlighted and unoccupied, with a roll of linoleum projecting from the end, in violation of the ordinances of Muskogee and of the statutes of Oklahoma.

The defendant in error Tilly answered by a general denial, and defendant in error Nelson Furniture Company, by a general denial and a plea of contributory negligence on the part of Madden.

The parties will be referred to as they appeared in the trial court; the plaintiff in error as plaintiff, and the defendants in error as defendants.

On the trial, the plaintiff used the defendant Tilly and his friends, Winsett, Kennedy, and Pitts as witnesses to prove her case, and at the close of plaintiff's evidence defendant Tilly demurred to the evidence, but before the court ruled thereon, defendant Nelson Furniture Company served notice on the court and plaintiff's attorney that D. W. Cantrell and George Price were present in court and would testify that defendant Tilly overran the stop sign at the intersection of Twenty-Fourth street and West Okmulgee avenue at a speed in excess of forty-five miles per hour, without stopping at the intersection, and that Carl Niblack, R. H. Hinson, John Hughes, Ed Corbin and others were also present and would testify that defendant Tilly had been drinking and immediately following the accident was under the influence of liquor and was not in proper condition to drive an automobile.

Plaintiff's attorney declined to use the offered evidence and the court ruled that they could not be forced to use it. The court then sustained defendant Tilly's demurrer to the evidence, to which plaintiff excepted. The defendant Nelson Furniture Company also demurred to the evidence, but its demurrer was overruled by the court. At the close of all the evidence, the case was submitted to the jury on the issues joined between the plaintiff and the defendant Nelson Furniture Company. The jury returned a verdict for the defendant Nelson Furniture Company,

The plaintiff brings the case here on appeal, assigning as grounds of reversal:

(1) The overruling by the court of plaintiff's motion for new trial.

(2) The sustaining by the court of defendant Tilly's demurrer to the evidence.

(3) The giving by the court of instructions 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11.

The refusal of the court to give the instructions requested by plaintiff.

The case has been briefed in this court by the plaintiff and the defendant Nelson Furniture Company, but the defendant J. Oliver Tilly has not filed a brief or offered any excuse for his failure to do so.

One ground of the plaintiff's motion for new trial was the alleged misconduct of the defendant Nelson Furniture Company's attorney in arguing to the jury that there was collusion between the plaintiff and her attorney and the defendant J. Oliver Tilly and his attorney, for the purpose of preventing a judgment from being rendered against the defendant J. Oliver Tilly, and to have a judgment rendered against the other defendants. The record of the proceedings on the trial do not disclose any such argument to the jury on the part of the attorney for the defendant Nelson Furniture Company, and does not disclose any objection made to any remark of such counsel in his argument, or any exception thereto. The record does not show any proof heard or offered on the hearing of the motion for new trial to sustain said ground. Under these circumstances, there is nothing before this court to show the alleged misconduct, or upon which to predicate said assignment of error. Muskogee Electric Traction Co. v. Reed, 35 Okla. 334, 130 P. 157.

The plaintiff's evidence was sufficient to withstand defendant Tilly's demurrer, and the trial court probably committed error in sustaining his demurrer to the evidence. However, this error was invited by the plaintiff and she is not in a position to urge that error in this court. The entire record discloses that the plaintiff sought to shield the defendant Tilly in every way possible. In his opening statement, plaintiff's counsel laid all the blame for the accident on the defendant Nelson Furniture Company, and made no statement which tended to place any responsibility on the defendant Tilly. The plaintiff used the defendant Tilly and his friends to prove her case against the defendant Nelson Furniture Company and elicited from Tilly the statement that he was not intoxicated and was not under the slightest influence of liquor at the time of the accident. After it was developed by counsel for defendant Nelson Furniture Company that

Tilly, Winsett, Kennedy, Pitts, and Leo Madden had been to a night club several miles out in the country from Muskogee and had been drinking, plaintiff's counsel sought to exonerate defendant Tilly by showing that he had been charged in the city court of Muskogee with the offense of driving while intoxicated and had been acquitted. Plaintiff's counsel also sought to explain why defendant Tilly did not stop after the collision, by eliciting from him and other witnesses that Madden was so badly hurt it was necessary to rush him to the hospital. Plaintiff's counsel sought to explain several other bits of evidence that tended to place responsibility for the accident on defendant Tilly. Plaintiff's counsel refused to use the witnesses and their testimony offered and tendered by counsel for defendant Nelson Furniture Company, which would have shown that defendant Tilly had been drinking and was under the influence of liquor at the time of the accident and overran the stop sign at Twenty-Fourth street at a speed in excess of fifty miles per hour. These witnesses were later used by the defendant Nelson Furniture Company and did so testify. Under these circumstances, the plaintiff cannot now complain of any error the trial court may have made in sustaining defendant Tilly's demurrer to the evidence. Muskogee Electric Traction Co. v. Dunnam, 129 Okla. 70, 263 P. 1091; Independent School District v. Kemp, 116 Okla. 53, 243 P. 514; Chicago, R. I. & P. R. Co. v. Morton, 57 Okla. 711, 157 P. 917; Doggett v. Doggett, 85 Okla. 90, 203 P. 223, 225.

In Doggett v. Doggett, supra, this court said:

"There is another important rule of law which denies to the defendants the right to assail the judgment in this case by reason of the error in not having the petition of the plaintiff verified. and that is—that a party cannot complain of error which he has invited. The wisdom of this rule is undoubted and unquestioned, and supported almost universally by the authorities."

So far as the Nelson Furniture Company is concerned, it had the right to prove its defense whether the trial court's ruling on defendant Tilly's demurrer to the evidence was correct or incorrect. Florence v. Russell, 105 Okla. 20, 231 P. 301; Barnes v. Davis, 30 Okla. 511, 120 P. 275; Capital Traction Co. v. Vawter, 37 App. D. C. 29, Ann. Cas. 1912D, 1059, and note; Gulf & S. I. R. Co. v. Carlson, 137 Miss. 613, 102 So. 168.

The evidence as to the negligence of the defendant Nelson Furniture Company was somewhat conflicting. While the plaintiff offered some evidence that the Nelson Furniture Company's truck was parked too far out in the street from the curb and was unlighted, several witnesses for the defendant Nelson Furniture Company testified that the truck was parked as near the curb as could be and had both the headlights and taillight burning. Defendant Nelson Furniture Company also produced witnesses who testified that the defendant Tilly had been drinking and was under the influence of liquor immediately following the accident, and that he overran the stop sign at the intersection of West Okmulgee avenue and Twenty-Fourth street at a speed in excess of fifty miles per hour, without stopping at the intersection, and crashed into the rear end of the truck about one hundred feet east of the intersection; that all the party had been drinking; and that Madden was very "tight" when they left the night club, and on the way to town.

It is the established rule in this state that this court, on appeal, in a law action, will not disturb the judgment of the trial court rendered on the verdict of a jury if there is any evidence whatever reasonably tending to prove, either directly and immediately or by permissible inference, the essential facts necessary to sustain the verdict. State Bank of Seneca, Mo., v. Miller, 171 Okla. 253, 42 P. (2d) 834; Midland Valley Ry. Co. v. Goble, 77 Okla. 206, 186 P. 723; Missouri, O. & G. Ry. Co. v. Smith, 55 Okla. 12, 155 P. 233; Great Western Coal & Coke Co. v. Serbantas, 50 Okla. 118, 150 P. 1042. It follows, therefore, that this case must be affirmed as to defendant Nelson Furniture Company, unless the trial court erroneously instructed the jury, to the prejudice of the plaintiff.

The plaintiff complains of instructions 2 to 11, inclusive, given by the court, and of the court's refusal to give the instructions requested by the plaintiff.

Rule 26 (No. 10 of Revised Rules) of the Rules of the Supreme Court provides that:

"When a party complains of instructions given or refused, he shall set out in totidem verbis in his brief, separately, the portion to which he objects, or may save exceptions."

The plaintiff has not complied with this rule. This court has frequently held that where this rule is not complied with, the court will not consider objections to instruc-

tions given, or to refusal of instructions requested. Brown v. Brown, 104 Okla. 206. 230 P. 853; Thompson v. Davis, 124 Okla. 79, 254 P. 501; First National Bank v. Savere, 132 Okla. 191, 270 P. 33; State Bank of Seneca, Mo. v. Miller, 171 Okla. 253, 42 P. (2d) 834.

Notwithstanding the failure of the plaintiff to comply with that rule of the Supreme Court, we have carefully examined the instructions given by the court, of which the plaintiff complains, and the instructions requested by the plaintiff which the court refused, and we are of the opinion, and hold, that the instructions given by the trial court fairly state the law applicable to the facts and issues in this case and that the rights of the plaintiff have not been prejudiced thereby. The instructions requested by the plaintiff are fairly covered by the instructions given by the court. There was no error on the part of the trial court in giving the instructions which he gave, or in refusing the requested instructions.

Finding no error in the record of which the plaintiff can complain, the case is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. L. Davidson, Harry C. Fair, and E. M. Gallaher in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davidson and approved by Mr. Fair and Mr. Gallaher, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.