## SQUIRE, Ex'r, v. STEPHENSON, Adm'r.

No. 27977. May 24, 1938.

Herman S. Davis and W. T. Jeter, for plaintiff in error.

W. B. Garrett and Sam S. Harlan, for defendant in error.

GIBSON, J. In this appeal is involved only that part of a judgment foreclosing a mortgage which attempted to compel the executor of the estate (will) of M. T. Stephenson to pay out of the assets of the estate a balance due after sale of the real estate foreclosed. The action was brought by the administrator of the estate of W. D. Stephenson, who was a brother of M. T. Stephenson.

About 1921, W. D. Stephenson sold some real estate to his brother and took back a mortgage, which he later released upon receipt of another mortgage from his brother covering the land involved in this suit. This mortgage secured an indebtedness of $8,000 due April 28, 1931. W. D. Stephenson moved to California. M. T. Stephenson died April 22, 1928, and B. H. Squire was appointed executor of his will by the county court of Greer county, Okla. W. D. Stephenson died in California in 1933, and Joe W. Stephenson was appointed administrator of his estate by the proper court of that state.

In the petition filed by the administrator to foreclose the mortgage and in the answer, copies of letters passing between Squire, executor, and W. D. Stephenson regarding this note and mortgage are referred to and the correspondence was offered in evidence at the trial. These were deemed pertinent to the single question presented by the parties, and will be referred to hereafter. We say "single question" because of the following proceedings at the trial:

"The Court: What is your defense to the note? Mr. Jeter: We have no defense to the note in rem, but they filed no claim, your Honor. The Court: Is that all the question in the case, that the claim was not filed? Mr. Jeter: Yes, that's the only question in the case, that they haven't filed a claim. Mr. Garrett: That's the only question in the case, that we haven't filed a claim in due time."

It is evident, of course, that the debtor died before the note became due. But this did not relieve the creditor from filing his claim within the four months' period. Timmons, Ex'x, v. Hanna Const. Co., 176 Okla. 180, 55 P.2d 110. Plaintiff attempts to excuse the

failure to file the claim within the four months' period by reason of the nonresidence of the creditor and the administrator of the creditor's estate, under the provisions of section 1233, O. S. 1931 (58 Okla. St. Ann. sec. 333), which gives to nonresidents under certain conditions the right to file claims at any time before distribution of the estate is had. A verified claim was filed with the executor under date of August 6, 1934, more than six years after notice to creditors had been given.

This section states that if it be made to appear to the satisfaction of the executor or administrator and the judge of the county court that the claimant had no notice as provided in this article by reason of being out of the state, the claim may be presented at any time before a decree of distribution is entered. In construing this section, this court has said:

"The notice required by section 1233, O. S. 1931, to a creditor out of the state as to presentation of claims against the estate of a deceased person may be either actual or constructive.

"Is constructive notice, that is, notice of facts sufficient to put one on inquiry, sufficient to bind one who has no actual notice of the usual notice to creditors of the estate of a deceased? We hold that constructive notice is so sufficient." State Bank of Seneca, Mo., v. Miller, Adm'r, 171 Okla. 253, 42 P.2d 834.

Mr. Squire and W. D. Stephenson had some correspondence just before the death of M. T. Stephenson relative to the approaching death of the latter, and when M. T. Stephenson died a telegram was sent to the brother in California. He replied by letter dated April 28, 1928, acknowledging receipt of the telegram, saying he was wondering if there was a will and asking advice as to whether his first mortgage was a preferred claim. This letter was answered by Mr. Squire May 24, 1928. In his answer Mr. Squire gave W. D. Stephenson the following information:

"Since Matt's death we have been attempting to straighten up his business matters and get administrators appointed to handle his estate. he left a will naming H. D. Henry. his attorney, and myself as executors, and the hearing was had this morning and the court appointed us executors as provided in the will.

"As to your claim and your note and mortgage referred to in your letter, I understand that it is necessary for you to file your claim within four months from today, as notice to creditors was prepared by us today. unless you want to rely upon your note and mortgage solely for your money which you have a right to do as I am informed without filing any claim.

"As to the value of the land on which you have a mortgage, you know the land about as well as I do, but I think it is reasonably worth $75 per acre, and as your mortgage is only $8,000 I would think it would sell for enough to clear your mortgage.

"Dillard, you can write either of the executors in this matter for any further information you desire, as H. D. is acting as attorney and joint executor in the estate and can give you more detailed information than I have."

Neither in the body of the claim nor in the verification thereof is there any allegation that either W. D. Stephenson or Joe W. Stephenson had no notice. Nor is there anything in the testimony of Joe W. Stephenson relative to notice. On January 10, 1930, Squire advised W. D. Stephenson that the will was being probated, according to a letter proved by Joe W. Stephenson. In the letters admittedly received by W. D. Stephenson from Squire are numerous references to the probate proceedings. From the whole correspondence we think no other conclusion can be reached than that W. D. Stephenson was not only advised of the probating of the will, but was notified of the time within which he should file his claim, if he did not wish to rely solely on his mortgage. It is highly probable that he thought his security entirely sufficient to pay him in full. Of course, if he had notice, so that the statute began to run as against him, the fact that Joe W. Stephenson, administrator of his estate, may have had no notice, would be immaterial. Moreover, we deem the claim filed lacking in the essential allegation, not only of the nonresidence of W. D. Stephenson at the time of the giving of notice, but also in any allegation that no notice, actual or constructive, was had.

It is claimed, however, that because Squire was vice president and manager of the bank where the note and mortgage was on deposit, and because he was in a sense acting for W. D. Stephenson, and that by virtue of the letters there was a presentation and allowance of the claim, the letters were sufficient in substance to constitute a claim. We cannot accept that view. Under our statutes the approval or acceptance of a claim by an executor or administrator is not alone sufficient to establish a claim. Action by the judge is necessary.

"A claim against the estate of a decedent can only be established: (1) By being first presented to and allowed by the executor or administrator, and then being presented to and approved by the county judge." Miller v. Bradburn, 106 Okla. 234, 233 P. 736.

If, therefore, the letters may be considered as a claim, there is no showing of any allowance thereof by the county judge, and his

inaction for ten days after presentation would necessitate a suit in the proper court within two months. Section 1239, O. S. 1931 (58 Okla. St. Ann. sec. 339). This suit was not brought within any period of time that would save such a bar.

We find, therefore, that there is wholly no support for the action of the court, unless the contention is sound that no notice was ever given. This claim is based on the theory that the record here does not show the notice itself. Aside from the fact that the admission of the issue to be tried is in itself tantamount to an admission of the fact that a previous notice had been given, we find that the question is not at issue here.

There is no allegation in the petition that no notice was given, but there are allegations that the letters and facts stated constitute a presentation of the claim and an allowance in due time; that W. D. Stephenson up to the time of his death did not have notice of any notice to creditors. All of these allegations would have been unnecessary if notice had not been given as alleged, and together constitute an admission that notice had been given. From the statement of counsel at the trial as to the issues to be tried, and the method of trial, it is apparent that the statement in the answer that notice to creditors was duly given on July 20, 1928, was not challenged. The parties will be held here to the theory taken at the trial.

Two other contentions are made. One is that, even though not presented in time, the claim should be paid as one falling under either the 6th or 8th designation of section 1255, O. S. 1931 (58 Okla. St. Ann. sec. 591), relating respectively to the order of payment of mortgages and all other demands against the estate. The second is that, under the terms of the will of M. T. Stephenson and the codicils thereto, the executors were specifically directed to pay the mortgage indebtedness.

Whatever may be the law in reference to those contentions, we are of the opinion that they do not help the administrator here. The estate is still in process of administration, and the questions presented can arise only in the administration of the case. If counsel's contentions on these points are correct, then it appears from the decisions cited the administrator should proceed by excepting to payments to others in derogation to his rights, should ask for sale of assets to comply with the directions given by the testator, or ask for distribution to him of the amounts which the testator directed to be paid him. We fail to find any decision giving the district court in a pro-

ceeding like this jurisdiction to determine such matters.

The case must be reversed as to the part of the judgment allowing the claim and directing the executor to pay it. The part of the decree foreclosing the mortgage is, of course, unaffected by this decision.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.