**BRIGHTMIRE v. DARNOLD.**

No. 36102.

Supreme Court of Oklahoma.

June 29, 1954.

Frank Robert Hickman, Frank Hickman, Tulsa, for plaintiff in error.

W. E. Green, Farmer, Woolsey, Flippo & Bailey, Tulsa, for defendant in error.

WILLIAMS, Justice.

This action was brought by Paul W. Brightmire, plaintiff, against Hobart Darnold, defendant, to recover damages alleged to have been sustained as a result of an automobile collision.

Plaintiff alleged that the collision and resulting damages were caused by the negligence of the defendant. Defendant answered, denying the allegations of plaintiff's petition and also cross-petitioned for damages allegedly sustained by him. In addition to a general denial, defendant's answer contained the following allegation:

"By way of further answer, if needs there be, this defendant says that at all times mentioned in plaintiff's petition, the plaintiff failed to use ordinary care for his own safety or that of his property and was careless, reckless and negligent and that the same and each part thereof were the direct and proximate causes of the accident and damage to the plaintiff's automobile, all of which damage is denied and defendant prays that plaintiff be required to furnish strict proof thereof".

The cause was submitted to the jury which returned a verdict finding that neither plaintiff nor defendant was entitled to recovery.

Plaintiff appeals, relying for reversal on the sole ground that the court erred in submitting to the jury the issue of contributory negligence. Plaintiff asserts that

defendant's answer did not plead contributory negligence and in the absence of such pleading, the court should not have submitted such issue to the jury. Defendant says that the portion of the answer above quoted constituted a plea of contributory negligence and that the instruction was therefore proper.

■ It is well established that the defense of contributory negligence is not available to a defendant who has failed to plead such defense. Hancock v. Thigpen, 208 Okl. 595, 256 P.2d 428.

■ It is also well established that a party cannot complain of errors which he has permitted or invited. Madden v. Tilly, 175 Okl. 589, 54 P.2d 161.

■ The record reveals that the plaintiff submitted the following requested instructions:

"Instruction No. 1. You are instructed that the operator of an automobile entering an intersection of a city street such as the one in this case may assume that others driving automobiles upon the streets of such city will observe the law, *and that he is not guilty of contributory negligence* in acting upon that assumption until and unless he has knowledge to the contrary even though prior to that time he had failed to correctly gauge how far an approaching automobile was from the intersection and the rate of speed at which it was traveling.

"Instruction No. 2. You are further instructed that if you find from a preponderance of the evidence that the plaintiff, who was driving a 1949 Ford automobile, was damaged on the 14th day of December, 1951, when his automobile collided with that owned and driven by the defendant, and that the defendant was guilty of negligence which resulted in the accident causing said damage, and without which same would not have occurred, or that defendant violated any of the ordinances proven in this case and find that the violation of the ordinance was the proximate cause of the accident and *that plaintiff was free from contributo-*

*ry negligence*, then your verdict should be for the plaintiff in such an amount that will reasonably compensate him in this case, but in no event should your verdict be for more than $485.71." (Emphasis ours.)

The record further reveals that plaintiff's requested instruction No. 1 was given by the court verbatim and that requested instruction No. 2 was also given with the omission of the phrase "and that plaintiff was free from contributory negligence". The instruction of which plaintiff complains was No. 7, which is as follows:

"You are instructed that contributory negligence in this case is an act or omission on the part of the plaintiff amounting to a want of ordinary care which, concurring or co-operating with the negligence of the defendant, is the proximate cause of the injury to the plaintiff. If, therefore, you find by a preponderance of the evidence that plaintiff was guilty of negligence, which directly and proximately contributed to his injuries, and without which said injuries would not have occurred, then the plaintiff cannot recover."

Such instruction No. 7, so far as the record reveals, was given by the court on its own volition. Plaintiff does not complain of the wording of instruction No. 7, but insists that it was error to give any instruction on contributory negligence.

We find no merit in this contention. Since plaintiff's requested instructions 1 and 2 both include the issue of contributory negligence, plaintiff cannot now complain of instruction No. 7, relating to the issue of contributory negligence, on the ground that such issue was not made by the pleadings. Bowring v. Denco Bus Lines, 196 Okl. 1, 162 P.2d 525.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON and O'NEAL, JJ., concur.

WELCH and BLACKBIRD, JJ., concur in result.