Edith BAGLEY, mother and next friend of Harold E. Davis, Edith May Davis, and Paul E. Davis, minor children, and next kin of Ruford C. Davis, deceased, Plaintiff in Error,

v.

BLUE FLAME PROPANE COMPANY, Inc., a corporation, James C. Sloan and Earl R. Cotner, Defendants in Error.

No. 40662.

Supreme Court of Oklahoma.

Sept. 20, 1966.

Robert J. Childers, John W. Hampton, Tulsa, for plaintiff in error.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for defendant in error Earl R. Cotner.

Alfred B. Knight, Tulsa, for defendants in error Blue Flame Propane Co., Inc., a Corporation, and James Sloan, and Earl Cotner.

PER CURIAM.

This action was commenced by the minor children of Ruford C. Davis, deceased, through their mother, Edith Bagley, for the wrongful death of their father. The suit arose out of an accident on U. S. Highway 64 near the city limits of Tulsa, Oklahoma.

. The accident involved three vehicles: a pickup truck, a propane truck and a semitruck. Ruford C. Davis at the time of the accident was one of two passengers in the pickup truck.

The suit was brought against three defendants; Earl Cotner, driver of the pickup truck, James C. Sloan and Blue Flame Propane Company, driver and owner respectively, of the propane truck. The defendant Sloan was an employee of the defendant Blue Flame Company.

The accident occurred in the following manner. The propane and pickup trucks were both traveling in a northerly direction on Highway 64 with the propane truck in front being followed by the pickup truck. Upon approaching a narrow bridge the propane truck slowed down for an oncoming semi-truck. The defendant Cotner then applied his brakes to the pickup, but suddenly lost control of his vehicle. The pickup without hitting the propane truck swerved, skidded or slid across the center line of the highway. The pickup then collided with the oncoming semi-truck which was traveling in a southerly direction. The accident caused injuries to Ruford C. Davis, a passenger in the pickup, which resulted in his death.

■ After a trial by jury which resulted in a verdict for the defendants, the plaintiff filed a motion for a new trial. The trial court overruled the motion for a new trial and an appeal was perfected to this court based on two propositions:

### PROPOSITION I

The Defendants asked questions which contemplated answers which were neither competent, relevant, nor material and were posed for the express purpose of arousing the sympathy or passion of the jury, or planting prejudice in their minds and such conduct constitutes reversible error.

The questions asked by the defendants on cross-examination related to a veteran's disability check of the deceased which in part was used for the support of his minor children during his lifetime and the benefits the minor children were receiving under social security after his death. The defendants contended that the veteran's disability check which the deceased received during his lifetime was his only means of income and support. The pecuniary loss suffered by the minor children for the wrongful death of their father would naturally be affected by the extent and ability of the father to lend financial assistance. Such evidence was admissible. Our discussion under this proposition will therefore be limited to the disclosure to the jury of social security payments received by the minor children.

■ Evidence that the minor children were receiving social security benefits after the death of their father was clearly inadmissible. The pecuniary loss one has suffered for a wrongful death is not mitigated by his or her wealth, means of support, financial independence or upon any other benefits received as a result of a death. Missouri, O. & G. Ry. Co. v. Lee, 73 Okl. 165, 175 P. 367; Stathos v. Lemich, 213 Cal.App.2d 52, 28 Cal.Rptr. 462; Coyner Crop Dusters v. Marsh, 91 Ariz. 371, 372 P.2d 708. Regardless of whatever means of support or benefits were available to the minor children after the death of their father, the law imposed a duty upon the father to maintain and support them. The criteria of damages is the reasonable expectancy of pecuniary benefit of which they were deprived by the wrongful death of their father. In Welch v. Ada Oil Co., Tex.Civ.App., 302 S.W.2d 175, the plaintiff brought suit to recover for the wrongful death of her husband. The court concluded that permitting the defendant to cross-examine the plaintiff concerning her earnings and her social security entitlement was error. This improper cross-examination did not require a reversal of the case however, because it did not appear to have influenced the decision of the jury.

The social security benefits were first mentioned in the instant case by one of the defendants' attorneys in the opening statement. A prompt objection was sustained by the trial court. On cross-examination of the plaintiff an offer of proof was made by the defendants to show that the minor children were receiving $147.00 social security

payments since the death of their father. This offer of proof was presented to the court out of the hearing of the jury. An objection to this offer of proof was sustained by the trial court.

On redirect examination of the plaintiff by her attorney the following occurred:

"A.  (By Mr. Childers) Edith, you spoke of this veteran's pension before, $30.30 a month. Are you still receiving this?

A.  No.

Q.  Are you receiving anything from the Veterans Administration?

A.  No.

MR. CHILDERS: No further questions."

Recross examination by Mr. Best:

"Q.  Well, you are receiving it now from the government and the social security?

MR. HAMPTON: We object to that.

THE COURT: I am going to overrule it. I ruled and then you bring it out again. Overruled. Let her answer.

Q.  (By Mr. Best) How much are you receiving now?

A.  I get their social security.

Q.  How much are you receiving?

A.  $94.50."

It was the position of the plaintiff that the above redirect examination was necessary to answer the remarks made by the defendants' attorney on the Veterans' Administration benefits and that it was not a waiver or invitation for any examination concerning social security payments. The defendants' position is that such questioning on cross-examination was permissible for the reason the plaintiff first raised the issue by the above redirect examination. The defendants also contend that even if such questioning was inadmissible it was not prejudicial and did not influence the jury's verdict. We agree that there was no prejudicial error.

The primary issue invoked in the trial of the case was the negligence of the defend-ants in proximately causing the accident and the wrongful death of the deceased. There was ample evidence for the jury to find that the accident was not the result of any negligence on the part of the defendants.

The jury was instructed that they must first determine the issue of negligence before consideration could be given to the amount of any pecuniary loss suffered by the children, if any. In addition, the jury was specifically instructed that they were "not to consider any evidence in regard to the children receiving or not receiving at this time any money from the Veterans Administration or the Social Security Administration."

The trial court was careful to instruct the jury on the specific issues involved in the case for their determination and to exclude any extraneous matters not pertinent to those issues. The inadmissible testimony and remarks complained of by the plaintiff were related to an issue which the jury had no occasion to consider.

■ Upon a careful examination of the record we fail to find any prejudicial consequences. We are of the opinion that the inadmissible remarks and questioning did not influence the jury in arriving at their verdict.

## PROPOSITION II

The trial court committed prejudicial error by the giving of instructions on contributory negligence in the absence of evidence justifying such instructions.

■ We have held in numerous cases that when contributory negligence is properly plead and there is evidence tending to prove it in any degree, it is the duty of the trial court to submit it as a question of fact for the jury and failure to do so is reversible error. Oklahoma Ry. Co. v. Milam, 45 Okl. 742, 147 P. 314; Stillwater Milling Co. v. Templin, 182 Okl. 309, 77 P.2d 732; McFarland v. Crabtree, Okl., 331 P.2d 379.

■ In the present case it was for the jury to determine whether the deceased was under any obligation to caution, warn

or remonstrate with the driver of the pickup truck of the impending perils ahead. The pickup was following a propane truck whose driver, according to the testimony, had reduced his speed to permit an oncoming semi-truck to cross a narrow bridge. The narrow bridge, the oncoming semi-truck, the reduction of speed by the propane truck and the manner in which the pickup was being operated under the existing conditions were all admissible facts for the jury's consideration to determine any contribution of negligence on the part of the deceased.

The plaintiff also requested an instruction that the burden of proof is on the defendants to establish their defense of contributory negligence. The plaintiff further requested an instruction which in part is as follows:

"If you should find that the plaintiff through its driver has been guilty of negligence which proximately contributed to the accident and resulting damages, then the plaintiff should not recover and your verdict should be for the defendant."

The rule is well established in this jurisdiction that a party may not complain of an instruction given by the trial court when he himself has requested the same. Bowring v. Denco Bus Lines, Inc., 196 Okl. 1, 162 P.2d 525. In Brightmire v. Darnold, Okl., 272 P.2d 401, the trial court submitted an instruction on contributory negligence after having been requested to do so by the plaintiff. The plaintiff on appeal sought reversal on the ground that the court should not have submitted such an issue to the jury. In rejecting the plaintiff's plea this Court held:

"A party may not complain of an instruction relating to issue of contributory negligence on ground that such issue was not made by pleadings, where such party has himself requested instruction on issue of contributory negligence."

If error has been committed on the submission of the issue of contributory negligence to the jury, it was an invited error initiated by the plaintiff. A party cannot complain of errors which he has permitted or invited. Madden v. Tilly, 175 Okl. 589, 54 P.2d 161. The plaintiff cannot now assign as error the giving of an instruction on contributory negligence when she requested the action by her own requested instructions.

Judgment affirmed.

The Court acknowledges the aid of the Supernumerary Judge, CLYDE M. FOLLOWELL, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.